# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

MARION BAUGH                                                                PLAINTIFF
on behalf of R.W., a minor

V.                          NO. 4:19-CV-00611-BSM-JTR

ANDREW SAUL,
Commissioner of Social Security                                             DEFENDANT

# RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

On September 3, 2019, Plaintiff Marion Baugh ("Baugh") filed a *pro se* Complaint, on behalf of R.W., a minor child, seeking review of the denial of R.W.'s disability benefits.[1]  *Doc. 2*.  While Baugh suggests in her Complaint that, on

---

[1] Baugh's relationship to R.W. is not clear from the record.

"August 29, 2019," she received a final decision from the Commissioner of the Social Security Administration ("SSA"), she does not attach a copy of the "Commissioner's final decision" as the "Pro Se 13 Complaint Form" instructed her to do. *Id.* at 3. Federal courts only have jurisdiction to review *final decisions* from the Commissioner of the SSA. On its face, Baugh's failure to attach a copy of the Commissioner's final decision to her Complaint, as she was required to do, raises questions about whether she has met her burden of demonstrating that the Court has jurisdiction over this action.

A review of the substantive allegations in Baugh's *pro se* Complaint and *pro se* Amended Complaint confirms that she is *not* appealing from a *final decision* of the Commissioner. According to her own allegations, the "case worker with the state," acting on behalf of the SSA, ordered a "medically unnecessary" educational examination for R.W. to be completed before the "Medical Review Board" made an initial determination on R.W.'s disability claim.[2] *Id. at Attachment 1*; *Doc. 12 at 5*.

---

[2] "Social Security disability claims are initially processed through a network of local Social Security Administration field offices and State agencies (usually called Disability Determination Services or DDSs)." *See* https://www.ssa.gov.gov/disability/determination.htm. This "initial determination" by Arkansas DDS is based solely on review of a claimant's medical records, and, if necessary, additional testing. *See* https://www.ssa.gov/pubs/EN-05-10026.pdf ("If the state agency can't make a disability determination using only the medical information, school records, and other facts they have, they may ask you to take your child for a medical examination or test. We will pay for the test.").

These admissions by Baugh make it clear that she did not even complete the *initial determination* level of review before initiating this action.[3]

On November 21, 2019, Respondent filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a supporting Brief.[4]  *Docs. 8 and 9*.  Respondent argues that the Complaint is premature and this Court lacks subject matter jurisdiction because "no final agency decision has been issued." *Doc. 9*.

On November 27, 2019, Baugh filed an Amended Complaint.  In that pleading, she seeks to avoid the dismissal of her claim against the SSA by asserting two conclusory and entirely derivative causes of action: (1) the SSA's conduct, in dealing with R.W.'s disability claim, constituted "fraud" in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729; and (2) the SSA violated R.W.'s

---

[3] To properly exhaust administrative remedies, a claimant seeking benefits from the SSA must pursue his or her claims through all four steps in the review process: (1) initial determination; (2) reconsideration; (3) hearing before an ALJ; and (4) Appeals Council review of the ALJ's decision. 20 C.F.R. §§ 404.900(a), 416.1400(a). When a claimant has completed all of these steps, the Commissioner's decision is then final and subject to judicial review in federal court. 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

Here, Baugh filed this lawsuit before receiving the "initial decision," at *step one* of the administrative review process, and without exhausting her administrative remedies by proceeding to *step two*, "reconsideration"; *step three*, an administrative hearing before an ALJ; and *step four*, an appeal and adverse decision from the Appeals Council, which constitutes the Commissioner's *final decision*.

[4] Respondent should be seeking to dismiss Baugh's claim for denial of R.W.'s social security benefits pursuant to Rule 12(b)(1) (lack of subject matter jurisdiction), *not* Rule 12(b)(6). As to the *Bivens* and the False Claims Act claims, which she asserts on behalf of R.W. in her Amended Complaint, Respondent properly seeks dismissal of those claims pursuant to Rule 12(b)(6).

3

constitutional rights under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[5] *Doc. 12*. Based on these two new claims, Baugh argues that Respondent's Motion to Dismiss should be denied and the Court should maintain jurisdiction over the action, notwithstanding her failure to administratively exhaust the preliminary determination that R.W. might not be entitled to disability benefits. *Doc. 11 at 2-3*.

Finally, on December 20, 2019, Baugh filed a one-paragraph Motion for Summary Judgment, which makes the following nonsensical request for relief under Rule 56(c):

> The plaintiff made recent accommodations in this case to appease the questions at present, of **"*lack of* subject-matter jurisdiction"** consequences, in order to secure a burden of proof in this case against the Defendant. These accommodations have been cited in the Amendment of the Complaint Civil Procedure Rule15, filed November 27, 2019. The Plaintiff would like to request a **Motion for Summary Judgment under Civil Procedure Rule 56(c)**.

*Doc. 13* (emphasis in original).

For the reasons explained below, the Court recommends that the Complaint and Amended Complaint that Baugh filed on behalf of R.W. be dismissed, without prejudice.

---

[5] Baugh incorrectly attempts to bring this claim under 42 U.S.C. § 1983, which provides a remedy for unconstitutional *state* action, not *federal* action. The Court will nonetheless construe her constitutional claim as being brought under *Bivens*, which allows a plaintiff to recover damages when their federal constitutional rights are violated by federal employees, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

## II. Discussion

The United States and its agencies, including the SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Social Security Act authorizes federal courts to review *final decisions* of the Commissioner of Social Security. 42 U.S.C. § 405(g); 42 U.S.C. § 405(h). SSA regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a); *Schoolcraft v. Sullivan*, 971 F.2d 81, 84-85 (8th Cir. 1992); *see Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) ("[A] 'final decision' is a statutorily specified jurisdictional prerequisite."); *see also Rowden v. Warden*, 89 F.3d 536, 537 (8th Cir. 1996) (A plaintiff "may seek judicial review of the Secretary's decision in this case only after a final decision by the Secretary.").

Baugh does not contest the fact that she failed to exhaust R.W.'s available administrative remedies for challenging the preliminary determination that R.W. may not be entitled to disability benefits. Rather, to save R.W.'s disability claim from dismissal, she asserts far-fetched and factually unsupported claims against Respondent under *Bivens* and the FCA. *Doc. 9 at 3*. Both of those claims are supported only by her conclusory and entirely speculative allegations that: (1) the SSA "fraudulently" failed to consider R.W.'s existing medical records and ordered

a "medically unnecessary" educational examination in violation of the FCA; and (2) the preliminary decision made by the SSA violated R.W.'s constitutional rights under *Bivens*.[6] By failing to allege *any plausible facts* to support these nebulous allegations, Baugh has failed to plead viable claims under *Bivens* and the FCA. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief); *Renneke v. Astrue*, 276 Fed. Appx. 548 (citing *Heckler v. Ringer*, 466 U.S. 602, 614 (1984) (where the plaintiffs raised procedural claims related to the Secretary's decision to deny payments for surgery, those claims were inextricably intertwined with plaintiffs' claims for benefits; all aspects of claims should be channeled into the administrative process because the relief sought was invalidation of the Secretary's policy and declaration that a particular surgery was reimbursable)).

Thus, because the Court lacks subject matter jurisdiction over R.W.'s disability benefits claim, it should be dismissed, without prejudice, under Rule

---

[6] According to Baugh, the Education Specialist who interviewed R.W. on August 29, 2019, "began to ask unrelated questions about the plaintiff's disability claim" and then "rudely cancelled the examination" after "the plaintiff's mother challenged the examiners tactics." *Doc. 12 at 6-7*. Baugh makes no attempt to explain how these supposedly "unrelated questions" and so-called "tactics" of the Education Specialist violated R.W.'s constitutional rights. Similarly, Baugh does not set forth and explain the nature of the "unrelated questions," or the specific "tactics" that she believes violated R.W.'s constitutional rights.

6

12(b)(1). R.W.'s *Bivens* and FCA claims should be dismissed, without prejudice, for failing to state a claim for relief under Rule 12(b)(6).

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Commissioner's Motion to Dismiss (*Doc. 8*) be GRANTED and this case be DISMISSED, without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Summary Judgment (*Doc. 13*) be denied as MOOT.

DATED this 10th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE